**Order entered October 15, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01066-CR

**SHARON HENNINGTON TAYLOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-20861-P**

## ORDER

The clerk's record was filed on September 18, 2018. The trial court's charges on guilt/innocence and punishment are missing although the clerk's record does contain the jury's verdict finding appellant guilty and the jury's verdict assessing punishment. Because rule 34.5 of the rules of appellate procedure requires that the clerk's record contain, among other items, the trial court's charge to the jury (both guilt/innocence and punishment), *see* TEX. R. APP. P. 34.5(a), we ordered the clerk's record supplemented with the trial court's charges to the jury. On October 9, 2018, a supplemental clerk's record was filed with a copy of the single-page jury's verdict assessing punishment. The Clerk's Certification states: "The Trial Court's <u>Jury punishment and charge of the </u>court is included in the verdict form, no separate documents for

punishment filed with court." The trial court's charges to the jury on guilt/innocence and on punishment are not included in the supplemental clerk's record.

We **ORDER** the trial court to hold a hearing to determine the status of the trial court's charge to the jury on guilt/innocence and the trial court's charge to the jury on punishment. Specifically, the trial court shall determine:

- Whether the trial court's charge to the jury on guilt/innocence has been lost or destroyed;

- Whether the trial court's charge to the jury on punishment has been lost or destroyed;

- If the guilt/innocence charge has been lost or destroyed, whether the parties can agree on a copy that accurately duplicates with reasonable certainty the original jury charge on guilt/innocence.

- If the punishment charge has been lost or destroyed, whether the parties can agree on a copy that accurately duplicates with reasonable certainty the original jury charge on punishment.

If the jury charges are not lost or destroyed or the parties agree on copies of the charges, the trial court shall order they each be filed in a supplemental clerk's record to this Court. If the jury charges are lost or destroyed and the parties cannot agree, the trial court must then determine what constitutes an accurate copy of the charge to the jury on guilt/innocence and an accurate copy of the charge to the jury on punishment and order that each be included in a supplemental clerk's record to this Court.

We **ORDER** the trial court to transmit a record containing its written findings of fact, any orders, and any supporting documentation to this Court within **THIRTY DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order to the Honorable Teresa Hawthorne, Presiding Judge, 203rd Judicial District Court; Lisabeth Kellett, official court reporter, 203rd

Judicial District Court; Felicia Pitre, Dallas County District Clerk; Regina Taylor, Dallas County Clerk's Office Appeal specialist; and to counsel for all parties.

We **ABATE** this appeal to allow the trial court to comply with this order. The appeal shall be reinstated in thirty days or when we receive the supplemental record containing its findings of fact, whichever occurs first.


/s/     LANA MYERS
            JUSTICE